IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,361-01






EX PARTE JAMIE ALLEN DURHAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0132615-IH IN THE CRIMINAL DISTRICT


COURT OF DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to three years' imprisonment. 

 Applicant contends that he is being denied credit for time confined before his community
supervision was revoked in this cause, and that such credit would result in discharge of this sentence. 
The trial court has entered findings as to what credit Applicant has received, but has made no
findings as to when Applicant was confined in the Dallas County jail on this cause. Applicant has
alleged facts that, if true might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). It
may order a custodian of records at the Dallas County jail to file an affidavit listing the dates
Applicant has been confined there in this cause between August 7, 2001, and April 25, 2005. The 
court shall also have the record supplemented with copies of any orders requiring confinement as
a condition of community supervision, any motions to revoke community supervision, and any
orders disposing of such motions to revoke in this cause.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code crim. Proc. Art. 26.04.

 The trial court shall make additional findings of fact as to what dates Applicant has been
confined in this cause prior to having his guilt adjudicated, and as to whether any of those dates
constituted confinement as a condition of community supervision. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: December 13, 2006


Do not publish